FILED

2017 MAY 25 PM 3:13

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DATA DIMENSIONS, LLC

Plaintiff,

Case No.: 6:17-CV-951-ORL-40-KRS

vs.

MARK GOLINO.

Defendant.

_______________________________________/

**COMPLAINT**

Plaintiff Data Dimensions, LLC, by and through its undersigned counsel, sues Defendant Mark Golino as follows:

**Parties, Jurisdiction, and Venue**

1. This is an action for a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

2. Data Dimensions is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Wisconsin.

3. Golino is a citizen and resident of Florida.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Data Dimensions is seeking a declaration of non-infringement under the Copyright Act, 17 U.S.C. § 201, *et seq.*, and under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity

between Data Dimensions and Golino.

5. This Court has personal jurisdiction over Golino because he is a citizen of Florida.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Golino resides in this judicial district and a substantial part of the events giving rise to each of the claims occurred in this district.

## General Allegations

7. Data Dimensions provides business process solutions through technology and automation.

8. From 2014 until December 2016, Golino was employed by Data Dimensions. During that time Golino allowed Data Dimensions to use certain Fax Software Source Code ("software"), the base code of which Golino claims to own.

9. Data Dimensions invested a significant amount of time and money modifying the software's base code so the software could be used for Data Dimensions' purposes. The modifications were made by Data Dimensions' employees acting within the scope of their employment.

10. Golino resigned from Data Dimensions in December 2016.

11. In April 2017, Golino sent a letter claiming that Data Dimensions owes him $208,000.00 for development costs of the software.

12. Further, despite now demanding that Data Dimensions pay for the development cost of the software (in addition to the time and money Data Dimensions invested to modify the software for its own use), Golino also demands that Data Dimensions

immediately stop using the software in any fashion.

13. At no time during the approximately two years that Data Dimensions used the software did Data Dimensions and Golino agree, either orally or in writing, that Data Dimensions would pay Golino for any portion of the development costs of the software. Further, Golino never conditioned Data Dimensions' use of the software on payment of any development costs.

14. In his April 2017 letter, Golino also claims that he is owed $5,600.00 for work he performed as a consultant prior to being employed by Data Dimensions. Data Dimensions paid Golino in 2014 $4,480.00 for that consulting work, which payment Golino accepted without reservation.

**Count I: Declaratory Judgment**

15. Data Dimensions re-alleges the general allegations above as if fully set forth herein.

16. This is an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

17. Data Dimensions contends and seeks a judgment declaring that: (i) Data Dimensions is not obligated to pay Golino for any development costs of the software; (ii) Data Dimensions owns all of the modifications to the software made by Data Dimensions' employees (whether under the works made for hire doctrine, 17 U.S.C. § 201, or common law); (iii) Data Dimensions' use of the software did not infringe Golino's rights under the Copyright Act, 17 U.S.C. § 201, *et seq.*; and (iv) Data Dimensions does not owe Golino any additional money for the consulting services he performed prior to his employment.

18. In pre-suit communications, Golino has expressed his disagreement with each of Data Dimensions' contentions.

19. There is, therefore, an actual, substantial, and continuing justiciable controversy between Data Dimensions and Golino.

20. There is a bona fide present and practical need for a declaration with the force and effect of a final judgment because this actual controversy between the parties can only be resolved by the Court's declaratory judgment.

21. The relief sought is not merely the giving of legal advice by the Court.

Wherefore, Data Dimensions requests that this Court:

a. Take jurisdiction of this matter to determine and adjudicate the rights and liabilities of the parties;

b. Enter a judgment declaring that:

   i. Data Dimensions is not obligated to pay Golino for the development costs of the software;

   ii. Data Dimensions owns all of the modification to the software made by Data Dimensions' employees (whether under the works made for hire doctrine, 17 U.S.C. § 201, or common law);

   iii. Data Dimensions' use of the software did not infringe Golino's rights under the Copyright Act, 17 U.S.C. § 201, *et seq*; and

   iv. Data Dimensions does not owe Golino any additional money for the consulting services he performed prior to his employment.

c. Award any such further relief as this Court deems just and proper.

Respectfully submitted,

______________________________

David L. Luikart, III – Trial Counsel
Florida Bar Number 021079
Anisha P. Patel
Florida Bar Number 116448
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
dave.luikart@hwhlaw.com
michelle.armstrong@hwhlaw.com
anisha.patel@hwhlaw.com
regina.bigness@hwhlaw.com
Attorneys for Plaintiff