UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DATA DIMENSIONS, LLC,

        Plaintiff,

v.                                                                           Case No: 6:17-cv-951-Orl-40KRS

MARK GOLINO,

        Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on Plaintiff/Counter-Defendant Data Dimensions, LLC's Motion to Dismiss Defendant/Counter-Plaintiff Mark Golino's Amended Counterclaim (Doc. 29), filed September 18, 2017. Defendant/Counter-Plaintiff Mark Golino responded in opposition on October 2, 2017. (Doc. 30). For the following reasons, the motion is due to be denied.

**I.    BACKGROUND[1]**

The instant case arises from Defendant/Counter-Plaintiff Mark Golino's ("Golino") former employment with Plaintiff/Counter-Defendant Data Dimensions, LLC ("Data Dimensions"). After a previous engagement as an outside contractor, Golino was offered, and accepted, a position as Chief Information Officer for Data Dimensions. During this employment, Golino discussed the prospect of Data Dimensions using a secure facsimile

---

[1] This account of the facts is taken from Defendant/Counter-Plaintiff Mark Golino's Counterclaim (Doc. 24). The Court accepts the allegations of the counterclaim as true for purposes of deciding Data Dimensions, LLC's motion to dismiss the counterclaim, (Doc. 29). *Whitney Info. Network v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005).

software program (the "Software")—which was created and owned by Golino—with Data Dimensions' CEO, Jon Boumstein ("Boumstein"). Boumstein agreed, and Golino began the task of creating a derivative version of Golino's software program ("Derivative Software") that would be compatible with Data Dimensions' systems. Throughout this process, Golino followed up with Boumstein several times regarding payment, "and Boumstein repeatedly stated and confirmed that DATA DIMENSIONS would make it up to GOLINO." Notwithstanding this agreement, Data Dimensions never paid Golino for use of the Software or Derivative Software. Golino submitted a resignation letter on November 21, 2016, but was terminated before his intended final day of January 13, 2017, because he refused to sign a settlement and release agreement.

On April 17, 2017, Golino sent Data Dimensions a letter directing it to cease and desist utilizing the Software or Derivative Software. On May 25, 2017, Data Dimensions initiated this action, seeking a declaratory judgment that (i) Data Dimensions is not obligated to pay Golino for its use of the Software or Derivative Software, (ii) Data Dimensions owns all modifications made to the software at issue, (iii) Data Dimensions did not violate the Copyright Act, and (iv) Data Dimensions does not owe Golino money for his consulting services. (Doc. 1).

On August 28, 2017, Golino filed an Amended Counterclaim. The Amended Counterclaim alleges that Data Dimensions "continued to create further Derivative Software versions of the Software." (Doc. 24, ¶ 33). In support, Golino avers, upon information and belief, that Data Dimensions encountered a "non-reportable" security breach, which "required at least one additional creation of a Derivative Software." (*Id.* ¶ 34).

The Amended Counterclaim proceeds in two Counts. Count One alleges that Data Dimensions is liable for copyright infringement based on its use of derivative works of the Software. Count Two asserts a claim for common law unjust enrichment.

## II. STANDARD OF REVIEW

A complaint (or counterclaim)[2] must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam).

---

[2] A motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. *Whitney Info. Network v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005).

## III. DISCUSSION

Data Dimensions moves to dismiss Count One of the Amended Counterclaim. (Doc. 29, p. 4). Data Dimensions first argues that the Amended Counterclaim does not allege sufficient facts to support a claim that Data Dimensions created a derivative work of Golino's software. (*Id.* at 4). Second, it asserts that the crucial allegations supporting Golino's copyright infringement claims are devoid of *factual* support. (*Id.* at 5).

### A. Security Patch as Copyright Infringement

The first question is whether the Copyright Infringement Count is due to be dismissed because the alleged derivative work is a non-copyrightable method or process. Data Dimensions argues that a "security patch or other functional update" is not independently copyrightable, and therefore cannot qualify as a derivative work to support Count One. In support, Data Dimensions cites to several sections of the Copyright Act, *Lewis Galoob Toys, Inc. v. Nintento of America, Inc.*, 964 F.2d 965 (9th Cir. 1992), and *Mitek Holdings, Inc. v. Arce Engineering Co.*, 89 F.3d 1548 (11th Cir. 1996). Golino counters that the cased cited by Data Dimensions are inapposite, and that the Amended Complaint's allegations are sufficient to survive a 12(b)(6) motion.

The Copyright Act of 1976 extends protection to "original works of authorship fixed in any tangible medium of expression," including "literary works." 17 U.S.C. § 102(a). Computer programs may be subject to copyright protection as "literary works." *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1354 (Fed. Cir. 2014). To state a claim for copyright infringement, a plaintiff must establish (1) its ownership of a valid copyright and (2) the defendant's copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

4

Copyright protection applies to derivative works, "but the copyright in such works 'extends only to the material contributed by the author,' and does not affect any copyright protection in the preexisting materials." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (quoting 17 U.S.C. § 103(b)). Under the Copyright Act, "a derivative work must incorporate a substantial element of a preexisting work of authorship and recast, transform, or adapt those elements." *Id.* (quoting *SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp. 2d 301, 305 (S.D.N.Y. 2000)). The owner of a copyright possesses the exclusive rights to "prepare derivative works based upon the copyrighted work" and to authorize others to do so. 17 U.S.C. § 106(2).

Data Dimensions argues that, pursuant to 17 U.S.C. § 102(b), the Derivative Work identified by Golino is a non-copyrightable method, process, or procedure. (Doc. 29, pp. 4–5). Section 102(b) provides that copyright protection does not "extend to any idea, procedure, process, system, [or] method of operation . . . ." § 102(b).

Data Dimensions asserts that the Ninth Circuit's decision in *Lewis Galoob Toys, Inc. v. Nintendo of America, Inc.*, 964 F.2d 965 (9th Cir. 1992), mandates dismissal. (Doc. 29, p. 4). The Court first notes the difference in procedural posture: the *Nintendo* case involved the appeal of a judgment following a bench trial, while we are presently faced with a motion to dismiss. 964 F.2d at 967. The facts of *Nintendo* are distinguishable as well. At issue in *Nintendo* was whether a physical device—developed by the defendant that allowed users to circumvent certain limitations in a video game—constituted a derivative work. *Id.* The Ninth Circuit's analysis of that device has little bearing on the question of whether Data Dimensions violated the Copyright Act by developing a

5

derivative work of Golino's software. The *Nintendo* case therefore does not counsel in favor of dismissal.

Data Dimensions also urges the Court to dismiss on the basis of *MiTek Holdings, Inc. v. Arce Engineering Co.*, 89 F.3d 1548 (11th Cir. 1996). That case also involved the appeal of a judgment as opposed to an order on a motion to dismiss. 89 F.3d at 1550. In *MiTek*, the Eleventh Circuit affirmed the district court's holding that the method a computer program follows, "including the menu and the sub-menu command tree structure, is a process that is not entitled to copyright protection." *Id.* The district court's holding was based in part on its finding that that computer program mimicked steps an engineer would take in performing a similar function. *Id.* At the motion to dismiss stage, the Court's review is constrained to the allegations of the Amended Counterclaim. Therefore, and in light of the fact-specific findings at play in *Mitek*, the Court rejects Data Dimensions' argument that the holding in that case warrants dismissal of Golino's counterclaim.

### B.    "Information and Belief" Allegations

Data Dimensions' second dismissal argument is that Golino's remaining copyright infringement allegations lack factual support, as evidenced by frequent allegations "upon information and belief." Therefore, Data Dimensions insists, Golino's copyright infringement counterclaim lacks the requisite factual support to state a plausible claim to relief. Golino simply answers that the Amended Counterclaim contains sufficient detail to clear the 12(b)(6) hurdle.

Data Dimensions is, of course, correct that allegations based "upon information and belief" need not be taken as true. *Mann v. Parker*, 713 F.3d 1306, 1315 (11th Cir.

6

2013). However, pleading on information and belief is permissible where the relevant facts are "peculiarly within the possession and control of the defendant." *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1311 (S.D. Fla. 2011) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). That is the case: the relevant conduct allegedly took place at Data Dimensions' facilities after Golino was fired. Accordingly, the Court accepts the allegations of the Amended Counterclaim as true, and views it in the light most favorable to Golino.

Finally, the Court returns to the elements that must be pleaded to state a copyright infringement claim: (1) Golino owned a valid copyright, and (2) Data Dimensions' copied constituent elements of the work that are original. *Feist Publ'ns*, 499 U.S. at 361. Accepting the allegations of the Amended Counterclaim as true, Count One states a plausible claim to relief. The Amended Counterclaim alleges both that Golino owned a valid copyright, (Doc. 24, ¶¶ 40–41), and that Data Dimensions copied constituent elements of the work that are original. (*Id.* ¶¶ 32–35, 44).

## IV. CONCLUSIONS

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Data Dimensions, LLC's Motion to Dismiss Defendant/Counter-Plaintiff Mark Golino's Amended Counterclaim (Doc. 29) is **DENIED**.
2. Data Dimensions has until and including March 27, 2018, to answer the Amended Counterclaim.

**DONE AND ORDERED** in Orlando, Florida on March 13, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties